**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| FNTV, LLC,<br>31-64 21st Street, #102<br>Astoria, New York 11106<br><br>       Plaintiff,<br><br>  v.<br><br>VOX MEDIA, LLC,<br>1201 Connecticut Avenue, NW, 11th Floor<br>Washington, DC 20036,<br><br>       Defendant. | Case No:<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff FNTV, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Vox Media, LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.  This action seeks to recover damages for copyright infringement.

2.  Plaintiff herein provides video journalism goods and services and owns the rights to these videos which Plaintiff licenses to online and print publications.

3.  Defendant owns and operates a website known as www.theverge.com (the "*Website*").

4.  Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed a still image from Plaintiff's Video on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

5.  FNTV, LLC is a New York limited liability company and maintains its principal place of business in Queens County, New York.

1

6.     Upon information and belief, defendant Vox Media, LLC, is a Delaware limited liability company with a principal place of business at 1201 Connecticut Ave. NW, 11th Floor in the District Of Columbia.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8.     This Court has personal jurisdiction over Vox Media, LLC because it maintains its principal place of business in the District of Columbia.

9.     Venue is proper under 28 U.S.C. §1391(a)(2) because Vox Media, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

10.     Plaintiff is a professional videographer by trade who is the legal and rightful owner of videos which Plaintiff licenses to online and print publications.

11.     Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13.     Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14.     Vox Media, LLC is the registered owner of the Website and is responsible for its content.

15.     Vox Media, LLC is the operator of the Website and is responsible for its content.

16.     The Website is a popular and lucrative commercial enterprise.

17.     The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

18.     The Website is monetized in that sells merchandise to the public and, upon information and belief, Defendant profits from these activities.

19.     On August 7, 2020, Plaintiff authored a video of a contingent of police officers from the New York City Police Department surrounding a New York City residence while attempting to make an arrest while protestors gather in opposition to the police activity (the "*Video*"). A copy of a still frame from the Video is attached hereto as Exhibit 1.

20.     Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

21.     Plaintiff applied to the USCO to register the Video on or about August 14, 2020 under Application No. 1-9124881231.

22.     The Video was registered by the USCO on August 14, 2020 under Registration No. PA 2-258-735.

23.     On August 18, 2020, Plaintiff first observed the same still image (the "*Video Image*") from the Video as is depicted in Exhibit 1 on the Website in a story dated August 18, 2020. A copy of a screengrab of the Website including the Video Image is attached hereto as Exhibit 2.

24.     The Video Image was displayed at URL: https://www.theverge.com/2020/8/18/21373316/nypd-facial-recognition-black-lives-matter-activist-derrick-ingram.

3

25.     The Video Image was stored at URL: https://duet-cdn.vox-cdn.com/thumbor/0x0:1906x791/2400x996/filters:focal(953x396:954x397):format(webp)/cdn.vox-cdn.com/uploads/chorus_asset/file/21766635/facial_recognition_nypd_ingram.jpg.

26.     Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed a discernable segment from Plaintiff's copyright protected Video on the Website.

27.     Upon information and belief, the Video Image was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

28.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

29.     The Infringement is a readily discernable segment from Plaintiff's original video that was directly copied and stored by Defendant on the Website.

30.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video.

31.     Upon information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, directly employing reporters, authors and editors as its agents, including but not limited to James Vincent who is listed on the Website lists as a "Senior Reporter" ("*Employees*").

32.     Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

33.     Upon information and belief, the Video Image was willfully and volitionally posted to the Website by Defendant.

34.     Upon information and belief, the Infringement was not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

35.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

36.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

37.     Upon information and belief, Defendant monitors the content on its Website.

38.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

39.     Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

40.     Upon information and belief, a large number of people have viewed the unlawful copy of the Video Image on the Website.

41.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

42.     On May 2, 2022, Plaintiff communicated with Defendant and its counsel by electronic mail concerning the Infringement.  Despite such communication, Defendant continues

to store and display the Infringement thereby evincing the willful nature of its activities.

43.     Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

44.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

45.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

46.     The Video is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

47.     Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

48.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

49.     Defendant's reproduction of the Video and display of the Video Image constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

50.     Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing article on the Website.

51.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

52.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

53.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

54.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Video in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

      a.     finding that Defendant infringed upon Plaintiff's copyright interest in the Video by copying and displaying without a license or consent;

      b.     for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to

17 U.S.C. § 504(c), whichever is larger;

c.      for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any

infringing use of any of Plaintiff's works;

d.      for costs of litigation and reasonable attorney's fees against Defendant

pursuant to 17 U.S.C. § 505 ;

e.      for pre judgment interest as permitted by law; and

f.      for any other relief the Court deems just and proper.

DATED: February 21, 2023

**SANDERS LAW GROUP**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 124880

*Attorneys for Plaintiff*